UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATALIYA SIDOLI,

                              Plaintiff,

              -against-

YOUTUBE, LLC and GOOGLE, LLC,

                              Defendants.

25-cv-1586 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Nataliya Sidoli alleges that defendants YouTube and Google discriminated against her when they removed her YouTube channel, which contains videos of her "yoga art and stretching art," while permitting (and promoting) channels that impersonate her. Dkt. 33 at 5. Defendants say that YouTube took Sidoli's channel down because the channel "violated [YouTube's] policy against sexual content and nudity." Dkt. 41 at 1. Defendants move to transfer the case to the Northern District of California or, in the alternative, dismiss the case for failure to state a claim. For the following reasons, the motion to transfer is GRANTED.

When Sidoli created her YouTube channel, she agreed to YouTube's terms of service. Dkt. 42 ¶ 8. The terms of service contain a forum-selection clause, providing that all disputes between YouTube and its users arising out of "these terms or the Service . . . will be litigated in Santa Clara County, California, USA." *Id.* ¶¶ 4–5. Sidoli's claims plainly arise out YouTube's terms, given that she objects to YouTube's demonetization of her videos and removal of her channel. *See, e.g.*, Dkt. 33 at 32–37. (Although Sidoli amended her complaint to allege that YouTube took these actions at the request of the Pakistani government, *id.* at 2, this doesn't alter the nature of her claims.) A forum-selection clause "may be enforced through a motion to transfer under [28 U.S.C.] § 1404(a)" and must be "given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59–60 (2013) (citation omitted); *see also Ramani v. YouTube LLC*, 2019 WL 13437826, at *2 (S.D.N.Y. Sept. 20, 2019) ("When deciding whether to transfer under § 1404(a) based on a forum selection clause, courts do not consider where the plaintiff filed the action" nor "any inconvenience to the parties in litigating the action in the preselected forum."). Here, "no extraordinary circumstances" are present, *Atl. Marine*, 571 U.S. at 62, so the forum-selection clause controls.

The Clerk of Court is respectfully directed to transfer this case to the Northern District of California.

SO ORDERED.

Dated: June 6, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge